UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE N. GARCIA,

      Petitioner,

v.                                        CASE NO. 6:12-cv-1564-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).   Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 7).   Petitioner filed a reply to the response (Doc. No. 12).

Petitioner alleges four claims for relief in his habeas petition: trial counsel was ineffective for failing to (1) accurately convey the State's plea offer; (2) secure a continuance after the State belatedly disclosed that a critical witness would testify at trial; (3) investigate or secure exculpatory evidence for trial; and (4) object to the confusing and misleading jury instruction on the kidnapping charge.   For the following reasons, the petition for writ of habeas corpus is denied.

## I.     Procedural History

Petitioner was charged by amended information with attempted first degree murder with a firearm (count one), kidnapping with intent to inflict bodily harm or terrorize (count two), and burglary of a dwelling with an assault or battery (count three). After a jury trial, Petitioner was convicted of the lesser included offense of attempted second degree murder with regard to count one.   Petitioner was also convicted of count two as charged.   The jury made a finding that Petitioner actually possessed a firearm with respect to those counts.   Petitioner was acquitted of count three.   The trial court sentenced Petitioner to a fifteen-year term of imprisonment for count one and to a consecutive twenty-five year term of imprisonment with a ten-year minimum mandatory sentence for count two.   Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner subsequently filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.   The trial court summarily denied the motion, and the appellate court affirmed *per curiam*.

## II.    Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an

2

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."   *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).   The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."   *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court.   *Holland v. Jackson*, 542 U.S. 649, 652 (2004)

3

(*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

of reasonable professional assistance.   *Id*. at 689-90.   "Thus, a court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on

the facts of the particular case, viewed as of the time of counsel's conduct."   *Id*. at 690;

*Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).   In *Hill v. Lockhart*, 474 U.S. 52, 58

(1985), the Supreme Court of the United States held that "the two-part *Strickland v.*

*Washington* test applies to challenges to guilty pleas based on ineffective assistance of

counsel."

     As observed by the Eleventh Circuit Court of Appeals, the test for ineffective
assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done. We ask only whether
> some reasonable lawyer at the trial could have acted, in the circumstances,
> as defense counsel acted at trial. Courts also should at the start presume
> effectiveness and should always avoid second guessing with the benefit of
> hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad
> discretion to represent their clients by pursuing their own strategy. We are
> not interested in grading lawyers' performances; we are interested in
> whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under

those rules and presumptions, "the cases in which habeas petitioners can properly prevail

on the ground of ineffective assistance of counsel are few and far between."   *Rogers v.*

*Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*[2]

---

    [2] Respondents allege that Petitioner's claims are unexhausted because he did not
present the federal constitutional basis of his claims to the state courts (Doc. No. 7 at 7).

### A.      Claim One

Petitioner alleges trial counsel rendered ineffective assistance by failing to accurately convey the State's plea offer (Doc. No. 1 at 4).   In support of this claim, Petitioner maintains that during a recess from trial, the State offered defense counsel a ten-year sentence in exchange for a guilty plea.[3]   *Id.*   Petitioner states that defense counsel informed him that the State had offered a ten-year minimum mandatory sentence.   *Id.* at 5.   Counsel explained that a ten-year minimum mandatory sentence would be served "day for day."   *Id.*   Petitioner contends that the record reflects that the State did not offer him a ten-year sentence with a minimum mandatory and instead he would have been eligible to earn gain time.   *Id.*   Petitioner asserts that had counsel

---

The Court notes, however, that Petitioner's claims allege ineffective assistance of counsel. By virtue of that fact, Petitioner properly identified his federal claims.   Further, the trial court understood and considered Petitioner's federal claim.   *See Nichols v. McNeil*, No. 5:06cv58/RS, 2008 WL 2157064, at *7 (N.D. Fla. May 20, 2008) (noting that the petitioner's failure to cite *Strickland* with regard to his ineffective assistance of counsel claims did not render them unexhausted in the state court) (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)).   Additionally, Petitioner did cite *Strickland* and the Sixth and Fourteenth Amendments in his Rule 3.850 motion, thereby placing the state court on notice of his federal claims (App. 8 at 19).   Therefore, the Court rejects Respondents' exhaustion argument and will address the merits of Petitioner's claims.

[3] Petitioner, who was not in custody at the time of trial (App. 1 at 50), maintains that he was not present when the State presented its offer because he was using the restroom (Doc. No. 1 at 4).   However, Petitioner failed to return to the courtroom at the conclusion of recess (App. 2 at 87-90).   Upon further investigation, defense counsel noted that Petitioner was observed by a police officer walking toward the elevator with his family.   *Id.* at 89.   The trial court found that Petitioner had voluntarily absented himself from the proceedings.   *Id.* at 90.

properly conveyed this to him, he would have accepted the State's offer.   *Id.*

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. 8).   The trial court summarily denied Petitioner's claim, finding it was refuted by the record because defense counsel confirmed that he had conveyed the ten-year plea offer to Petitioner (App. 11).   The Fifth District Court of Appeal affirmed *per curiam* (App. 17).

The record reflects that the State offered Petitioner ten years in prison in exchange for a guilty plea (App. 2 at 89).   The prosecutor stated that the ten-year sentence was not a minimum mandatory sentence.   *Id.*   Defense counsel stated that he had advised his client of the State's ten-year plea offer (App. 2 at 113).   As noted *supra*, Petitioner did not return to the courtroom. Therefore, Petitioner was not present during this discussion with the trial court.   *Id.*   Defense counsel further stated, "I can't – I talked to my client Your Honor.   I conveyed the offer, and he is not here.   I can't tell you what he did after that." *Id.*

The Court concludes that Petitioner's claim is refuted by the record.   There is no indication that counsel advised Petitioner that the plea was for a ten-year minimum mandatory sentence.   Additionally, Petitioner has not demonstrated prejudice. Petitioner was facing potential life sentences for counts two and three.   § 787.01(2), Fla. Stat. (2007); § 810.02(2)(a), Fla. Stat. (2007).   Even if counsel misadvised Petitioner, the State's plea offer was significantly less than the sentence Petitioner faced if convicted at trial.   Further, Petitioner absconded, thus voluntarily absenting himself from the

proceedings.   Therefore, Petitioner has not shown that but for counsel's alleged improper advice, he would have accepted any plea deal.

Petitioner argues that the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), entitle him to relief.   However, the Court finds that these cases are inapplicable.   In *Lafler*, the petitioner's trial counsel advised him to reject a plea offer of 51 to 85 months in prison.   132 S. Ct at 1383.   After trial, the petitioner received a minimum mandatory sentence of 185 to 360 months in prison.   *Id.*   The Court held that the petitioner was prejudiced by counsel's advice and determined that the proper remedy was to order the State to re-offer the same plea agreement.

In *Frye*, the Court held that (1) defense counsel has a duty to communicate formal offers from the prosecutor that may be favorable to the accused; and (2) defense counsel acted deficiently when he allowed a formal plea offer to expire without advising the defendant of the offer or allowing him to consider it.   132 S. Ct. at 1408.   The Court found that the prejudice inquiry required it to determine not whether the petitioner would have proceeded to trial absent the ineffective assistance, but whether he would have accepted the more favorable plea offer.   *Id.* at 1410.

The *Lafler* and *Frye* cases are distinguishable from the instant case because here there is no allegation that counsel failed to relay a plea offer made by the State nor did counsel advise Petitioner to reject a plea offer made by the State.   Instead Petitioner

8

argues that counsel misadvised him regarding the plea offer. Due to Petitioner's voluntary absence from trial, he cannot show that absent counsel's misadvice, he would have accepted the State's plea offer. *Frye*, 132 S. Ct. at 1410.

The Court concludes that the state court's denial of this claim was neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, claim one is denied pursuant to § 2254(d).

**B.    *Claim Two***

Petitioner claims trial counsel was ineffective for failing to secure a continuance after the State belatedly disclosed that Joshua McCullier ("McCullier") would testify at trial (Doc. No. 1 at 6-7). Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. 8). The trial court summarily denied the claim pursuant to *Strickland*, concluding there is no indication that a continuance would have been granted or that more favorable information would have been elicited had counsel had an additional opportunity to depose the witness (App. 11). The Fifth District Court of Appeal affirmed *per curiam* (App. 17).

As an initial matter, the Court notes that McCullier, also known as "Lowkey," was disclosed as a potential State witness prior to trial (App. 1 at 45). However, when called as a witness at trial, McCullier refused to testify (App. 2 at 57-59). The State informed McCullier that it would give him immunity. *Id.* at 59. Additionally, the trial court advised McCullier that because he was under subpoena, he could be found in contempt

9

of court for failing to testify. *Id.* After giving McCullier an opportunity to speak with his attorney, McCullier agreed to testify. *Id.* at 60, 72-73, 86-87. Defense counsel and the prosecutor were each given an opportunity to speak with McCullier prior to his testimony. *Id.* at 87-88.

McCullier testified he was present with Petitioner and another man named Hugo when they went to the victim's apartment on January 14, 2007. *Id.* at 91-92. The victim was lying on an air mattress in a bedroom of the apartment when shots were fired. *Id.* at 93. McCullier did not know whether Petitioner or Hugo had fired the shots. *Id.* at 94. After Hugo forced the victim out of the apartment, the men drove to a gas station, where the victim escaped from the vehicle. *Id* .at 100. According to McCullier, as the victim left the vehicle, Hugo fired shots at the victim. *Id.* McCullier never observed Petitioner fire his weapon. *Id.* at 103.

The Court concludes that Petitioner has not demonstrated deficient performance on the part of counsel. Contrary to Petitioner's assertions, defense counsel was given an opportunity to speak with McCullier. Therefore, he had no basis to move for a continuance. Furthermore, there is no indication that the trial court would have granted a continuance had such a motion been made.

Additionally, Petitioner has not established that but for counsel's actions, the outcome of trial would have been different. Petitioner has not shown that with a continuance, counsel would have been able to elicit more favorable testimony from

McCullier.    Moreover, although McCullier admitted Petitioner was present when the crimes were committed, he did not implicate Petitioner in the shooting.    Therefore, the state court's denial of this claim was neither contrary to nor an unreasonable application of *Strickland*.    Claim two is denied.

### C.    Claim Three

Petitioner claims counsel was ineffective for failing to investigate and secure exculpatory evidence for trial (Doc. No. 1 at 9).    In support of this claim, Petitioner contends that counsel failed to investigate the videotape from the gas station convenience store where a portion of the crime took place.    *Id.*    Petitioner notes that Deputy Lowtan testified that he had reviewed the videotape and Petitioner could not be identified on the tape.    *Id.*    Petitioner contends that had counsel thoroughly investigated, he could have presented the videotape to the jury and thus directly contradicted the State's key witness, who testified that Petitioner entered the store and purchased items therein.    *Id.*

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. 8).    The trial court summarily denied this claim, stating there was no reasonable probability that the outcome of the trial would have been different had counsel obtained the videotape before trial (App. 11).    The Fifth District Court of Appeal affirmed *per curiam* (App. 17).

Petitioner has not demonstrated that he is entitled to relief on this claim.    The victim testified that after Petitioner, Hugo, and McCullier entered his home, he was shot

by Petitioner in his right thigh.   *Id.* at 18-19.   The men then forced the victim from his home and drove to a gas station, where according to the victim, Petitioner and McCullier entered the gas station convenience store.   *Id.* at 26-28.   However, Deputy Lowtan testified that he watched the gas station convenience store surveillance footage and stated he did not observe Petitioner on tape.   *Id.* at 64.   McCullier testified that he went into the convenience store alone.   *Id.* at 98, 105-06.

Despite counsel's alleged failure to investigate the convenience store videotape, the jury heard testimony that Petitioner did not enter the convenience store, thus calling a portion of the victim's testimony in question.   However, McCullier and the victim both testified that Petitioner was present during the commission of the crimes, and the victim was adamant that Petitioner shot him at his apartment.   Therefore, even if counsel had presented the videotape or further impeached the witnesses regarding this matter, there is no reasonable probability that the outcome of trial would have been different. Accordingly, this claim is denied pursuant to § 2554(d).

### D.    *Claim Four*

Petitioner claims that trial counsel was ineffective for failing to object to the confusing and misleading kidnapping jury instruction (Doc. No. 1 at 11).   Petitioner raised this claim in his Rule 3.850 motion (App. 8).   The trial court denied the claim, concluding that no prejudice resulted from the allegedly erroneous jury instruction (App. 11).

The trial court instructed the jury regarding the kidnapping charge as follows:

To prove the crime of kidnapping, the State must prove the following three elements beyond a reasonable doubt:

Jose Garcia forcibly, secretly, by threat, confined, abducted, or imprisoned Luis DeJesus against the victim's will

Jose Garcia has no lawful authority.

Jose Garcia acted with the intent to inflict bodily harm upon or to terrorize the victim or another person.

In order to be kidnapping, the confinement, abduction, or imprisonment must not be slight, inconsequential or merely incidental to the felony; must not be of the kind inherent in the nature of the felony; and it must have some significance independent of the felony in that it makes the felony substantially easier of commission or substantially lessens the risk of detection.

(App. 2 at 151-52).   Petitioner complains that the last paragraph of the jury instruction, regarding whether the movement is slight or incidental to the felony, should not have been given.

The Florida Standard Jury Instructions provide that the last paragraph of the jury instructions above is only to be given when it is alleged the defendant committed the kidnapping with intent to commit or facilitate the commission of another felony.   Fla. Std. Jury (Crim) Instr. 9.1.   In the instant case it was alleged that Petitioner committed the kidnapping with intent to inflict bodily harm or to terrorize and not to facilitate the commission of another felony (App. 1 at 40-42). Therefore, this portion of the jury instruction should not have been read to the jury.

13

However, "[a]n error in instructing the jury cannot constitute a basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process." *Jacobs v. Singletary*, 952 F.2d 1282, 1290 (11th Cir. 1992) (quotation omitted). Consequently, alleged errors in a state court's jury instructions form no basis for federal habeas corpus relief unless they are so prejudicial as to render the trial fundamentally unfair. *Jones v. Kemp*, 794 F.2d 1536, 1540 (11th Cir. 1986).

The Supreme Court of Florida held in a similar case, where the trial court also added the additional instruction regarding facilitation of the commission of another felony, that "[t]he fact that the instruction contained additional elements of proof benefitted the defendant by making it more difficult to prove the kidnapping charge." *Evans v. State*, 838 So. 2d 1090, 1097 (Fla. 2002).   In the instant case, the addition of the extra element in the kidnapping jury instruction made it more difficult to prove kidnapping.   Petitioner received the benefit of the error.   Thus, he cannot demonstrate that the error rendered his trial fundamentally unfair or that his conviction violates due process.   Claim four is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus filed by Jose N. Garcia (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court

14

shall enter judgment accordingly.

2.      This Court should grant an application for certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   Petitioner has failed to make such a showing.   *See* Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts.*   Accordingly, a Certificate of Appealability is **DENIED**.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 14th day of July, 2014.


_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**


Copies to:
OrlP-3 7/14
Jose N. Garcia
Counsel of Record